UNION CO-OPERATIVE COMPANY, APPELLANT, V. FRED ADOLF-SON ET AL., APPELLEES.

FILED APRIL 4, 1919.    No. 20389.

1. **Specific Performance: SALE OF PERSONALTY: INSOLVENCY.** Ordinarily insolvency is not of itself a sufficient ground for the specific performance of a contract for the sale of personal property.

2. ———: ———: SUFFICIENCY OF EVIDENCE. Suit to enforce specific performance of a contract for the delivery of corn. The evidence has been examined and found insufficient to warrant the granting of the relief prayed.

APPEAL from the district court for Saunders county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Charles H. Slama,* for appellant.

*W. W. Wenstrand* and *P. P. White, contra.*

MORRISSEY, C. J.

Plaintiff sues for the specific performance of a contract to deliver corn. There was judgment for defendants, and plaintiff appeals.

Plaintiff was operating a grain elevator. Defendants were farmers. January 26, 1917, the parties entered into a written contract whereby it was agreed that between January 26, 1917, and March 15, 1917, "buyer's option," defendants sh. ild deliver at plaintiff's elevator 3,000 bushels of .orn for the agreed price of 90 cents a bushel. The corn was described as then being in defendants' possession and free from incumbrance. The contract further provided: "Should the elevator be full or incapacitated in any way when grain is tendered, it shall be delivered as soon thereafter as elevator can receive it." Defendants offered to deliver the corn from time to time during the term specified in the contract, but plaintiff would not receive it. Defendants continued to offer to deliver until the close of the month of April when they declined to be further bound by the contract. May 8, plaintiff brought this action for specific performance, alleging that corn had advanced in value until it was then of the value of $1.50 a bushel, and that defendants' were insolvent. Defendants' demurrer to the petition was overruled. Defendants then answered, alleging that plaintiff had breached the contract by its refusal to receive the corn when tendered and denying insolvency and the advance in the market price of corn. On a trial of the issues the court found generally in favor of the defendants,

found the allegations of the answer to be true, and that plaintiff's petition was without equity.

Although plaintiff alleges that the market price of corn had advanced, it offered no proof to support this allegation of the petition, and there is nothing in the record to indicate the condition of the market, or the value of the corn. An effort was made to prove insolvency of the defendants, but we do not deem it important whether plaintiff sustained the burden of this allegation, or not. A majority of the adjudicated cases seems to hold that insolvency, of itself, is not an independent ground for the relief here prayed. Where a contrary doctrine is asserted, other equitable circumstances have usually been present. *Southern Iron & Equipment Co. v. Vaughan*, L. R. A. 1918E (Ala.) 594, 611, and note; 36 Cyc. 564. The application of the foregoing doctrine may dispose of plaintiff's case; but, inasmuch as the trial court heard the evidence and entered a judgment calculated to finally dispose of the controversy, we deem it proper to follow the course pursued by the trial court. We shall not review the evidence at length. It may be summarized by saying that the proof shows that, during the period from the making of the contract till the close of the month of April, defendants were ready and anxious to deliver the corn according to their contract. Plaintiff seeks to excuse itself for refusing to accept the corn because of a shortage of cars and the overcrowded condition of its elevator. It appears, however, that plaintiff from time to time received corn from other farmers with whom it was under no legal obligation to deal, and that, had it in good faith desired to carry out the contract made with defendants, it had ample opportunity to do so.

The judgment of the district court is fully sustained and is

AFFIRMED.

ROSE, SEDGWICK and CORNISH, JJ., not sitting.